UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

    Plaintiff,
v.                                           CASE NO.

EQUITY ONE (FLORIDA PORTFOLIO) INC.,
V'S TOWN TAVERN, LLC and
BIG APPLE PIZZA OF ST. LUCIE WEST, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DAVID POSCHMANN, by and through his undersigned counsel, hereby sues the Defendants, EQUITY ONE (FLORIDA PORTFOLIO) INC., V'S TOWN TAVERN, LLC and BIG APPLE PIZZA OF ST. LUCIE WEST, INC., for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

### JURISDICTION

1.    This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

### VENUE

2.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

## PARTIES

3.     Plaintiff, David Poschmann, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012. Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Plaintiff's access to the premises described below (hereinafter, the "Property"), and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property were restricted and limited because of Plaintiff's disabilities and will be restricted in the future unless and until Defendants are compelled to remove the physical barriers to access and cure the ADA violations that exist at the Property, including but not limited to those set forth in this Complaint.[1] Plaintiff intends to return to the Property soon to avail himself of the goods and services offered to the public at the Property.

4.     Defendants transact business in this judicial district within the State of Florida by, inter alia, being the owner and operator of the Property, a retail shopping center (including the adjoining grounds servicing the retail shopping center) with a site address of 800 SW St. Lucie West Boulevard in Port St. Lucie, Florida including a restaurant and bar commonly known as V's Town Tavern located at the property at 790 SW St. Lucie West Boulevard in Port St. Lucie, Florida and a restaurant commonly known as Big Apple Pizza located at the property at 862 SW St. Lucie West Boulevard in Port St. Lucie, Florida.   Specifically, Equity One

---

[1] The term "ADA violations", as used herein, means that the physical elements at issue violated the ADA's regulations and the ADA Standards for Accessible Design, originally published in 1991, as well as the 2010 Standards that became effective on March 15, 2012.

(Florida Portfolio) Inc. owns the real property and shopping center, V's Town Tavern, LLC owns and operates V's Town Tavern and Big Apple Pizza Of St. Lucie West, Inc. owns and operates Big Apple Pizza.

### CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6. Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012.[2]

---

[2] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

3

8. The Property is a place of public accommodation pursuant to the ADA.

9. During November, 2014 Plaintiff attempted to, and to the extent possible, accessed the Property but could not fully do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations as well as Defendants' discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

10. Plaintiff intends to visit the Property again in the near future in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, but he will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations as well as Defendants' discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including, but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

11. Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendants implement policies, consistent with the ADA, to accommodate the disabled and are compelled to remove all physical barriers relevant to Plaintiff's disability that exist at the Property, including but not limited to those set forth in this Complaint, thus making the Property accessible to Plaintiff, as required by the ADA.

## COUNT I – FOR INJUNCTION AGAINST
## EQUITY ONE (FLORIDA PORTFOLIO) INC.

12. Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

13. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property (including, **but not limited to** V's Town Tavern and Big Apple Pizza) and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, includes (the applicable STANDARDS sections are also denoted[3]):

a) Non-compliant curb ramps (in violation of STANDARD 406);

b) Non-compliant accessible routes including uneven and improperly sloped paths of access and curb ramps and a failure to safely connect the shopping center with the public transportation stop and public sidewalk (in violation of STANDARDS 206, 402, 403, 404 and 406);

c) Non-compliant disabled person parking spaces including but not limited to improper dispersion throughout the shopping center, lack of proper signage, lack of proper connection to the accessible entrances and lack of ground surfaces that are stable and firm (in violation of STANDARDS 208 and 502);

d) Non-compliant toilet rooms within the tenant spaces including but not limited to lack of proper turning space and elements located at heights in excess of those allowable (in violation of STANDARDS 213, 603 and 604);

e) Non-compliant lavatories and sinks within the tenant spaces including but not limited to lack of clear floor space, improper height and improper plumbing elements (in violation of STANDARD 606);

f) Lack of disabled person signage (in violation of STANDARD 216);

g) Lack of disabled person seating spaces within the tenant spaces (in violation of STANDARDS 226 and 902);

---

[3] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

5

    h)    Non-compliant counters and bars within the tenant spaces whose heights are in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904);

    i)    Non-compliant accessible routes within the tenant spaces (in violation of STANDARDS 206, 401, 402, 403 and 404) and

    j)    Non-compliant doors and doorways (in violation of STANDARD 404).

14.    The above listing is not intended to be an all-inclusive list of the barriers, conditions and violations of the ADA encountered by Plaintiff and existing at the Property. Although the above listing, in and of itself, denied Plaintiff, due to his disabilities full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA, Plaintiff requires a full and complete inspection of the Property; with full access thereto, in order to determine all of Equity One (Florida Portfolio) Inc.'s discriminatory acts violating the ADA relevant to Plaintiff's disability.

15.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is structurally practicable. 42 U.S.C.A. §12182 (b)(A)(iv) and 42 U.S.C.A. §12183(a)(2).

16.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Equity One (Florida Portfolio) Inc. is required to remove the physical barriers, dangerous conditions and ADA violations as well as its discriminatory policies towards the disabled that exist at the Property, including but not limited to those set forth herein.

17.    Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Equity One (Florida Portfolio) Inc., including litigation expenses and costs pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Equity One (Florida Portfolio) Inc.) to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA, and the closing of the Property until such time as the required modifications are completed.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant, Equity One (Florida Portfolio) Inc. from continuing its discriminatory practices, ordering Equity One (Florida Portfolio) Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to remove the physical barriers to access and alter the subject Property to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II – FOR INJUNCTION AGAINST V'S TOWN TAVERN, LLC

19. Plaintiff reallages and reavers paragraphs 1 though 11 above as if fully set forth herein.

20. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access V's Town Tavern and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of V's Town Tavern, includes (the applicable STANDARDS sections are also denoted[4]):

---

[4] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

a)  Non-compliant restrooms within V's Town Tavern including but not limited to lack of clear floor space and maneuvering space and non-compliant lavatories (in violation of STANDARDS 213, 404, 603, 604, 605 and 606);

b)  Lack of disabled person signage in V's Town Tavern (in violation of STANDARD 216);

c)  Lack of disabled person seating spaces, bars and dining surfaces within V's Town Tavern (in violation of STANDARDS 226 and 902);

d)  Non-compliant service counter and hostess station at V's Town Tavern whose heights are in excess of the maximum height allowable (in violation of STANDARDS 227 and 904) and

e)  Non-compliant accessible routes at V's Town Tavern (in violation of STANDARDS 206, 401, 402, 403 and 404).

21. The above listing is not intended to be an all-inclusive list of the barriers, conditions and violations of the ADA encountered by Plaintiff and existing at V's Town Tavern. Although the above listing, in and of itself, denied Plaintiff, due to his disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at V's Town Tavern in violation of the ADA, Plaintiff requires a full and complete inspection of V's Town Tavern; with full access thereto, in order to determine all of the defendant's discriminatory acts violating the ADA relevant to Plaintiff's disability.

22. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is structurally practicable. 42 U.S.C.A. §12182 (b)(A)(iv) and 42 U.S.C.A. §12183(a)(2).

23. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until V's Town Tavern, LLC is required to remove the physical barriers, dangerous conditions and ADA violations as well as its discriminatory policies towards the disabled that exist at V's Town Tavern, including but not limited to those set forth herein.

8

24. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from V's Town Tavern, LLC, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

25. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling V's Town Tavern, LLC to implement policies, consistent with the ADA, to accommodate the disabled and to alter V's Town Tavern to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA, and the closing of V's Town Tavern until such time as the required modifications are completed.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant, V's Town Tavern, LLC, from continuing its discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the physical barriers to access and alter V's Town Tavern to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT III – FOR INJUNCTION AGAINST BIG APPLE PIZZA OF ST. LUCIE WEST, INC.

26. Plaintiff reallages and reavers paragraphs 1 though 11 above as if fully set forth herein.

27. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Big Apple Pizza and equally enjoy the goods, services, facilities, privileges,

advantages and/or accommodations of Big Apple Pizza, includes (the applicable STANDARDS sections are also denoted[5]):

    a)    Non-compliant restroom within Big Apple Pizza (in violation of STANDARDS 213, 306 and 606);

    b)    Non-compliant disabled person signage in Big Apple Pizza (in violation of STANDARD 216);

    c)    Non-compliant disabled person seating spaces, dining surfaces within Big Apple Pizza (in violation of STANDARDS 226 and 902);

    d)    Non-compliant service counters at Big Apple Pizza whose heights are in excess of the maximum height allowable (in violation of STANDARDS 227 and 904) and

    e)    Non-compliant accessible route into the restroom at Big Apple Pizza (in violation of STANDARDS 206, 401, 402, 403 and 404).

28.    The above listing is not intended to be an all-inclusive list of the barriers, conditions and violations of the ADA encountered by Plaintiff and existing at Big Apple Pizza. Although the above listing, in and of itself, denied Plaintiff, due to his disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at Big Apple Pizza in violation of the ADA, Plaintiff requires a full and complete inspection of Big Apple Pizza; with full access thereto, in order to determine all of the defendant's discriminatory acts violating the ADA relevant to Plaintiff's disability.

29.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is structurally practicable. 42 U.S.C.A. §12182 (b)(A)(iv) and 42 U.S.C.A. §12183(a)(2).

30.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Big

---

[5] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

Apple Pizza of St. Lucie West, Inc. is required to remove the physical barriers, dangerous conditions and ADA violations as well as its discriminatory policies towards the disabled that exist at Big Apple Pizza, including but not limited to those set forth herein.

31. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Big Apple Pizza of St. Lucie West, Inc., including litigation expenses and costs pursuant to 42 U.S.C. §12205.

32. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Big Apple Pizza of St. Lucie West, Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to alter Big Apple Pizza to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA, and the closing of Big Apple Pizza until such time as the required modifications are completed.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant, Big Apple Pizza of St. Lucie West, Inc., from continuing its discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the physical barriers to access and alter Big Apple Pizza to make it readily accessible to and usable by Plaintiff to the full extent required by the

ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

                                                                             s/Drew M. Levitt
DREW M. LEVITT, ESQ.
Florida Bar No: 782246
E-mail: DML2@bellsouth.net
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
E-mail: lsarkin@aol.com
Attorneys for Plaintiff
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837